MICHAEL J. LEAHY, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

CONTRACT — CONSTRUCTION OF MUNICIPAL CONTRACT — WHEN MUNICIPALITY LIABLE FOR ADDITIONAL EXPENSE AND LABOR. A municipal contract for the construction of a main sewer provided that the contractor should take care of and pump out of the sewer trench all surface water entering the same, together with the flow from all existing sewers, drains and natural watercourses interrupted in his work, and that he was to bear all loss or damage arising out of unforeseen or unusual obstructions or difficulties which might be encountered in the prosecution of the work or from the action of the elements. After the letting of such contract the city entered into contracts with other persons for the construction of lateral sewers, some of which were constructed before the completion of the work under the first contract, through which large quantities of water were discharged into the uncompleted main sewer. None of the provisions of the first contract appear to have specifically referred to the flow of water from the lateral sewers. *Held,* that it was not within the contemplation of the parties to the contract, nor a reasonable inference to be drawn from its provisions, that the contractor was to take care of the flow of water collected in the new lateral sewers, contracted for and constructed after he had entered into his contract for the construction of the trunk sewer, and that the city had no right to subject him to such additional expense and labor.

*Leahy* v. *City of New York,* 116 App. Div. 442, reversed.

(Argued April 7, 1908; decided April 14, 1908.)

APPEAL from a judgment, entered March 5 1907, upon an order of the Appellate Division of the Supreme Court in the first judicial department, overruling plaintiff's exceptions ordered to be heard in the first instance by the Appellate Division, denying a motion for a new trial and directing a judgment for defendant upon a dismissal of the complaint at the Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg* and *Alfred C. Petté* for appellant.   By the flow from the lateral sewers built under contracts let subsequent to the entering into of the contract with the plaintiff, large quantities of water, which otherwise would not have accumulated, were collected and cast upon the work being performed by him, occasioning a largely increased cost and expense.     For the increased cost and damages occasioned thereby, the defendant is liable.   (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205; *Del Genovese* v. *T. A. R. R. Co.*, 13 App. Div. 412; 162 N. Y. 614; *Weeks* v. *Rector, etc., of Trinity Church*, 56 App. Div. 195; *Horgan* v. *Mayor, etc.*, 160 N. Y. 516; *Rodgers* v. *City of New York*, 71 App. Div. 618; 173 N. Y. 263; *Thilemann* v. *City of New York*, 82 App. Div. 136; *Wood* v. *Fort Wayne*, 119 U. S. 312; *Seifert* v. *City of Brooklyn*, 101 N. Y. 136; *Huffmire* v. *City of Brooklyn*, 162 N. Y. 584; *Moody* v. *Vil. of Saratoga Springs*, 17 App. Div. 207.)   There are no clauses in the contract relieving the defendant from the liability claimed. (*Horgan* v. *Mayor, etc.*, 160 N. Y. 516; *Wood* v. *Fort Wayne*, 119 U. S. 312.)

*Francis K. Pendleton, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for respondent. Under the express terms of the contract the city is not liable for the damages resulting from the water which flowed into the trenches.   (*Kelley* v. *City of New York*, 106 App. Div. 576.)   All the damages sustained by the plaintiff were the direct consequences of the performance of his contract.   The

defendant was guilty of no acts which delayed the plaintiff or increased the cost of his work. (*Horgan* v. *Mayor, etc., of N. Y.*, 160 N. Y. 516.)

Haight, J. This action was brought to recover damages occasioned by the alleged wrongful acts of the defendant in discharging a large quantity of water into an unfinished sewer which the plaintiff was engaged in constructing.

It appears that the city of New York had established a system of sewers for the twenty-third and twenty-fourth wards of the city and had caused a map thereof to be drawn showing the trunk sewer and the lateral sewers designed to empty into it. Thereupon the city entered into a contract with the plaintiff to construct the main sewer, extending through several streets including East One Hundred and Seventy-eighth street from the Boston road to the Southern Boulevard and in the Southern Boulevard from East One Hundred and Seventy-fifth street to Pelham avenue; subsequent to the execution of this contract of the plaintiff, the city entered into contracts with other persons for the construction of six lateral sewers which were designed to empty into the main sewer which the plaintiff had undertaken to construct; some of these lateral sewers were constructed prior to the completion of the plaintiff's work at the point of intersection of such lateral sewers, with the result that the waters collected in such lateral sewers did flow in upon the plaintiff's uncompleted sewer, delaying his work and causing him additional expense and trouble in the completion of his contract.

At the trial, upon the conclusion of the plaintiff's evidence, the court dismissed the plaintiff's complaint and directed the exception taken thereto to be heard in the first instance at the Appellate Division, holding that, under the contract which the plaintiff had made with the city to construct the trunk sewer, he had specifically agreed to take care of all of the water that should enter his trench, under the circumstances disclosed without additional compensation or damages, other than that which had been agreed to be paid to him under the contract upon which he constructed his sewer.

The question presented, therefore, involves a construction of the plaintiff's contract, the provisions of which, so far as are here material, are as follows :

" The contractor, at his own expense, shall keep all the trenches, while the excavation or the construction of foundations, masonry and sewer is in progress, free from water, and shall provide and keep in operation in the work a steam pump or steam pumps, of approved capacity, at all times, when notified to do so by the engineer, and shall provide for the disposal of the water so removed in such manner as shall not cause injury to the public health or private property, nor to any portion of the work completed or in progress, nor to the surface of the streets, nor cause any impediment to the use of the same by the public, and shall provide and construct devices necessary to protect the work from any water.   *   *   *

" And it is further agreed that should postponement or delay be occasioned by the precedence of other contracts on the line of the work which may be either let or executed before or after the execution of this contract, no claim for damages therefor shall be made or allowed, nor shall any claim for damages be made or allowed in consequence of the street or adjoining sewer not being in the condition contemplated by the parties at the time of making the contract.   *   *   *

" Whenever the proposed sewer, or the trench in which the proposed sewer is to be constructed, follows the line and occupies the place of or intercepts any existing sewers, drains, house connections or culverts, the contractor will be required to make the same good and re-connect such sewers, drains, culverts or connections as he may be directed to do by the Engineer, without extra charge therefor; and all sewers, drains, basins or culverts rendered unnecessary, or becoming disused by the construction of the work herein contemplated, must, where directed by the Engineer, be thoroughly broken up, and be filled in and made solid with good gravelly earth, without extra charge therefor.

" The contractor shall provide for the flow of sewers, drains and water courses interrupted during the progress of the

work, and shall immediately cart away and remove all offensive matter, with such precautions as may be directed by the Engineer. &ast; &ast; &ast;

"All loss or damage arising out of the nature of the work to be done under this agreement, or from any unforeseen or unusual obstructions or difficulties which may be encountered in the prosecution of the same, or from the action of the elements, is to be sustained by the contractor aforesaid. &ast; &ast; &ast;

"The contractor shall, at his own expense, pump out or otherwise remove any water which may be found or shall accumulate in the trench, and shall form all dams or other works necessary for keeping the excavation clear of water during the progress of the work."

It is apparent from the reading of these provisions of the contract that it became the duty of the plaintiff to take care of and pump out of his trench all surface water entering the same, together with the flow from all existing sewers, drains and natural watercourses interrupted in his work, and that he was to bear all loss or damage arising out of unforeseen or unusual obstructions or difficulties which may be encountered, or from the action of the elements. But was it his duty to take care of and provide for the flow of the water from the new lateral sewers which were contracted for and constructed after the plaintiff had entered into his contract with the city? None of the provisions of the contract to which attention has been called specifically refer to the flow of water from such sewers. Ordinarily in the construction of a trunk sewer the work proceeds from the mouth of the sewer up through the rising territory to be drained, and, therefore, as soon as the lower portion is completed lateral sewers may be intersected and then the flow therefrom naturally proceeds through the finished portion of the trunk sewer to the place of its discharge without causing damage, delay or extra work, but the intersecting of lateral sewers and the discharge of their contents into the trench of the uncompleted trunk sewer must, of necessity, cause additional labor and expense in taking care of such flow. Under the express provisions of

the contract the plaintiff did undertake to take care of the flow from the existing sewers, drains and natural watercourses; but we think it was not within the contemplation of the parties to the contract, nor a reasonable inference to be drawn from its provisions, that he was also to take care of the flow of the water collected in the new lateral sewers contracted for and constructed after he had entered into his contract for the construction of the trunk sewer, and that the city had no right to subject him to such additional expense and labor.

It follows that the dismissal of the complaint was improper and that the judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment reversed, etc.